UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WENDELL ADRIAN BROWN and<br>GARY T. REED,<br><br>Defendants. | ) | Nos.: 3:19-CR-77-TAV-DCP-6<br>3:19-CR-77-TAV-DCP-11 |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on Defendant Wendell Adrian Brown's motion for judgment of acquittal or new trial [Doc. 322]. Defendant Gary Reed moved to adopt the motion [Doc. 323]. The government responds in opposition as to both defendants [Doc. 328]. After considering the record and controlling law, for the reasons that follow, the Court will **GRANT** the motion to adopt [Doc. 323] and **DENY** the motion for acquittal and new trial [Doc. 322].

## I. Background

In May 2019, defendants were indicted for conspiracy to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) [Doc. 1]. The case proceeded to trial on May 15, 2021 [Doc. 304]. At the close of the government's case-in-chief and at the close of all proof, defendants made an oral motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, which the Court denied [Doc. 331-1 pp. 132, 140,

141]. After a three-day trial, a jury convicted both defendants [Doc. 307]. Defendants now renew their motion for a judgment of acquittal and move, in the alternative, for a new trial [Doc. 332].

## II. Legal Standards

A motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure challenges the sufficiency of the evidence to support the conviction. *See* Fed. R. Crim. P. 29(c); *United States v. Montgomery*, 358 F. App'x 622, 628 (6th Cir. 2009). When reviewing such a motion, the Court must decide "whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In doing so, the Court must not weigh evidence, assess witness credibility, or "substitute its judgment for that of the jury." *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). This standard places a "very heavy burden" on defendants. *Id.*

Alternatively, the Court "may vacate any judgment and grant a new trial" under Rule 33 "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). A Rule 33(a) motion "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). But such motions should be granted only "in the extraordinary circumstances where the

evidence preponderates heavily against the verdict," *id.* (quoting *United States v. Turner*, 490 F. Supp. 583, 593 (E.D. Mich. 1979)), or, in other words, "when the verdict exceeds the bounds of reasonableness." *United States v. Burks*, No. 19-6010, slip op. at 4 (6th Cir. Sept. 4, 2020). As the Sixth Circuit has recently explained: "On the one hand, [the court] must scrutinize the record and ensure that a 'miscarriage of justice' did not occur. On the other hand, the court must respect the role of the jury and ensure that evidence-supported convictions are upheld." *Id.* (quoting *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998)).

In contrast to a Rule 29 motion, a district judge considering a Rule 33 motion "may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *Id.* (citing *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998)). However, "the court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (quoted by the Sixth Circuit in *Burks*). "The decision whether to grant a new trial is left to the sound discretion of the district court . . . ." *United States v. Wheaton*, 517 F.3d 350, 361 (6th Cir. 2008) (quoting *United States v. Pierce*, 62 F.3d 818, 823 (6th Cir. 1995)). Defendant bears the burden of proving a new trial should be granted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).

## III. Analysis

The Court first notes that defendant Brown has filed the substantive motion [Doc. 322] and defendant Reed has filed a motion to adopt [Doc. 323]. The motion to

adopt states that defendant Reed is "similarly situated in many ways to co-defendant Brown in that he went to trial with Brown and shared the defense and that the above-described Motion applies to the Defendant's case as well" [Doc. 323 p. 1]. However, as described in the government's response [Doc. 328], though both defendants were tried together as part of the same larger conspiracy, the evidence directly applying to both defendants often differed. Defendant Reed's motion does not provide substantive argument regarding the differences or the particularities of his case. The motion to adopt [Doc. 323] is therefore **GRANTED**, and the Court will consider the motion for new trial where directly applicable, or where the Court can make inferences regarding the applicable evidence, to defendant Reed [Doc. 322].

Defendants move for a judgment of acquittal and, in the alternative, a new trial. As stated in the closing jury charge, this count has two elements which the government must have proven beyond a reasonable doubt: "[f]irst, that two or more persons conspired, or agreed, to distribute and to possess with intent to distribute fifty grams or more of methamphetamine. Second, that the defendants knowingly and voluntarily joined the conspiracy." Closing Jury Charge, p. 18 (quoting Sixth Circuit Pattern Jury Instruction Nos. 2.02, 14.05). Defendants state that there is no dispute that they possessed methamphetamine, but that the government failed to prove they had intent to distribute [Doc. 322 p. 5]. Defendants also argue the government failed to show an agreement to participate in the conspiracy [*Id*. p. 6]. In moving for a judgment of acquittal, defendants therefore challenge the sufficiency of the government's evidence as to both elements.

Defendants challenge the government's case with respect to the same in moving for a new trial, in addition to arguing this is an extraordinary circumstance due to the reliance upon biased cooperating witnesses.

In support of acquittal, defendant Brown argues that the only proof with respect to intent is an unrecorded, uncorroborated statement by defendant that he purchased drugs for a woman named Garrett and that a person cannot be convicted based on a solely uncorroborated statement [*Id.*]. Brown states that no one can know whether he used the total amount of methamphetamine he purchased and that an inference of a large drug amount combined with another inference from his admission is insufficient to prove conspiracy [*Id.* p. 6]. Further, Brown argues that the government failed to show any agreement for participation in the conspiracy and that the proof "consists of nothing more tha[n] piling inference upon inference" [Doc. 322 p. 6]. In support, defendant Brown argues that there is no proof that he sold the methamphetamine he received from Headrick, that he borrowed money from Headrick and avoided paying him back, and that he had no cash on hand, as demonstrated by his need to pay by trading items rather than currency [*Id.* p. 7]. Defendant contends that for these reasons, a rational jury could not find him guilty.

In support of moving for a new trial, defendant Brown states that no witness testified to dealing with Brown and that the case almost exclusively relied upon the testimony of Roy Headrick who "desperately needs" a reduction based on his cooperation to save himself from dying in prison [Doc. 332]. Defendant Brown states that Rule 33 is designed

to prevent a miscarriage of justice and to be used in extraordinary circumstances, which he asserts here are the reasons stated in support of a judgment of acquittal and that the case depended on self-serving statements. Therefore, he argues he should be granted a new trial.

The government responds that there was ample evidence to meet all the elements of the offense and that the motion should be denied [Doc. 328]. The government states that the evidence proved there was a conspiracy involving Roy Headrick and his supplier Rogelio Barajas to purchase and distribute kilogram quantities of methamphetamine, and that the evidence proved each defendant understood and joined said conspiracy.

As to defendant Brown, law enforcement officers testified that Brown admitted he was buying half-ounce and ounce quantities of methamphetamine from Headrick several times a week for several months, he knew of Headrick's supplier in Georgia, and he distributed methamphetamine to a woman named Garrett in ounce quantities. Text messages showed that Brown asked Headrick to front him methamphetamine, he could provide Headrick the cash in return quickly, and Brown offered to give Headrick money to purchase methamphetamine from his supplier. Headrick testified that he fronted ounce quantities of methamphetamine to Brown and others with the expectation that they would sell it and return the money. Further, an expert witness testified that these amounts of methamphetamine are distribution-level quantities and could not be reasonably used by one person. The government states this evidence demonstrates Brown was aware of the



Case 3:19-cr-00077-TAV-DCP Document 334 Filed 07/26/21 Page 6 of 10 PageID #: 2480

conspiracy and joined it, having helped by giving cash to buy methamphetamine and by repeatedly purchasing distribution quantities [Doc. 328 p. 3].

As to defendant Reed, law enforcement officers testified that Reed admitted he knew Headrick had access to large amounts of methamphetamine and was supplying to Norris, who in turn sold to Reed in 1/8 ounce and ounce quantities twice a week. Norris testified and corroborated those purchases in addition to stating that he once bought methamphetamine from Reed. Law enforcement testified Reed admitted he bought 1/8 ounce and ounce quantities of methamphetamine from William Eaton 20 times over a six-month period and knew that Eaton had access to large quantities of the drug. Eaton testified that he repeatedly sold to Reed in those quantities over a long period of time, that Reed admitted he paid his workers in methamphetamine, and that Eaton did not sell to low-level users, instead only selling to dealer-level individuals. Eaton further testified that Reed would send his girlfriend to pick up the methamphetamine for him and that a woman named Paula would buy the methamphetamine and use it to purchase other pills from Reed. An expert witness testified these amounts were distribution-level quantities and could not be reasonably used by one person. The government states this evidence demonstrated Reed understood the conspiracy and joined the conspiracy by repeatedly purchasing from the same dealers, distributing methamphetamine to his workers, and conspiring with his girlfriend to pay for and pick up the drugs [Doc. 328].

Regarding both defendants, the government states that the Sixth Circuit has repeatedly upheld conspiracy convictions on similar evidence [Doc. 328 p. 6]. In

particular, the government states conspiracy may be inferred from circumstantial evidence, including from evidence that defendants repeatedly purchased large quantities of drugs from members of the conspiracy or that persons were fronted the drugs [*Id*. (citing *United States v. Blackwell*, 459 F.3d 739, 760 (6th Cir. 2006); *United States v. Martinez*, 430 F.3d 317, 333 (6th Cir. 2005); *United States v. Henley*, 360 F.3d 509, 514 (6th Cir. 2004))].

The government further states that Brown's argument regarding his uncorroborated admission of drug distribution is unavailing. Brown's text messages demonstrated he asked Headrick to front him methamphetamine and that he would pay Headrick quickly, an expert testified these quantities could not be used by one person, and Headrick testified that his customers to whom he fronted drugs were expected to sell it and return the money owed. The government states that the Sixth Circuit has held that as long as "portions of the defendant's statement are corroborated by substantial independent evidence that tends to establish the trustworthiness of the statement, then the elements of the crime may be established by the defendant's statements" [Doc. 328 p. 8 (citing *United States v. Ramirez*, 635 F.3d 249, 257 (6th Cir. 2011) (citation omitted))]. The previously mentioned evidence corroborates portions Brown's admissions that he bought large amounts of methamphetamine from Headrick over many months, making it suitable for consideration when determining whether a reasonable juror could conclude that the government has met its burden. The Court finds the same as to the corroboration of portions of defendant Reed's admissions.

Viewing the evidence in the light most favorable to the government, the Court finds the evidence sufficient to support the jury's finding as to both elements. While there was not evidence that Reed was fronted drugs, the totality of the remainder of the evidence, including distribution to his workers, the large amounts purchased, and his admissions, similarly can reasonably fulfill the elements. As to defendant Brown, the corroborated evidence of the drug quantities, frequent purchases, and admissions, when viewed favorably to the government, leads the Court to conclude a reasonable juror could reach a guilty verdict. Defendants have failed to carry the "very heavy burden" to show that no rational trier of fact could have found beyond a reasonable doubt that they joined the conspiracy with intent to distribute methamphetamine. *Chavis*, 296 F.3d at 455. Accordingly, defendants are not entitled to a judgment of acquittal.

Furthermore, viewing the government's evidence as "a thirteenth juror" and assessing the credibility of the witnesses and all of the evidence, the Court finds that this case does not present "the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Hughes*, 505 F.3d at 593; *see also Burks*, No. 19-6010, slip op. at 4. The Court is mindful of defendants' argument that cooperating witnesses may be motivated not to tell the truth but nonetheless finds that given the consistency between the witnesses and the other evidence provided, that jurors may find their testimony credible. The Court finds that the verdict therefore does not exceed the bounds of reasonableness, and defendants are not entitled to a new trial.

## IV. Conclusion

For the reasons discussed, the Court finds, after viewing the evidence in a light most favorable to the government, that a rational trier of fact could have found beyond a reasonable doubt that the elements of conspiracy have been met. Additionally, the Court finds that granting defendants a new trial is not in the interest of justice. Neither a judgment of acquittal nor a new trial is warranted, and defendants' motion for a new trial [Doc. 322] is therefore **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE