IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CR-77-TAV-DCP |
| WENDELL ADRIAN BROWN, | ) | |
| Defendant. | ) | |

**O R D E R**

The parties came before the undersigned on November 2, 2021, for a motion hearing on the Motion to Review Attorney-Client Relationship [Doc. 373], filed by court-appointed counsel Attorney Mark E. Brown on October 14, 2021, and referred [Doc. 377] to the undersigned on October 18, 2021. Assistant United States Attorney Kevin Quencer appeared on behalf of the Government. Attorney Brown appeared with Defendant Brown.

The Court appointed Attorney Brown as Defendant's counsel of record at his initial appearance on May 22, 2019 [Doc. 10]. In the instant motion, counsel states that he met with Defendant on October 14, 2021, to discuss the October 19 sentencing hearing. After that meeting, Defendant informed counsel that he wanted a new attorney for sentencing. At the November 2 hearing, Attorney Brown stated that, in his opinion, he and Defendant had a good working relationship and that he did not know the Defendant's reason for requesting the motion, but he did not believe it was a tactical move to cause delay. Mr. Brown asked for a sealed hearing in which the Defendant could state his reasons himself. AUSA Quencer said the Government takes no position on the motion.

A defendant seeking the substitution of court-appointed counsel must show good cause for the substitution, such as an actual conflict of interest, a complete breakdown in

communications between attorney and client, or an irreconcilable break in the attorney-client relationship. *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985). When a defendant states that he or she is dissatisfied with counsel, the Court must examine the defendant's contentions to determine if good cause exists to grant substitute counsel. *United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir.), *cert. denied* 130 S. Ct. 476 (2009). In assessing good cause, the Court considers (1) the timeliness of the request for new counsel, (2) the extent of the problem between the attorney and the defendant, including whether the rift is so great that it prevents an adequate defense, and (3) the balance between the defendant's interest in new counsel and "'the public's interest in the prompt and efficient administration of justice.'" *Id.* (quoting *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)).

In the instant case, the Court conducted a sealed, *ex parte* inquiry to learn the nature and extent of any problems in the attorney-client relationship. Without going into the confidential details of that discussion, the Court concludes that the perceived rift in the attorney-client relationship is capable of being repaired and is not so great as to prevent an adequate defense. The Court also finds that Mr. Brown and Defendant Brown have time to work together in preparation for the sentencing hearing, which will be reset. Accordingly, to the extent that it is a request for substitution of counsel, Defendant's motion [**Doc. 373**] is **DENIED**. Defendant Brown is encouraged to continue to work with Mr. Brown through the conclusion of his case.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge